**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0154-18T3

MERRI MATTHEWS,

    Plaintiff-Appellant,

v.

BOROUGH OF BELMAR,

    Defendant-Respondent.

_____

> Argued August 5, 2019 – Decided August 15, 2019
>
> Before Judges Sabatino and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1152-16.
>
> Thomas M. Rogers argued the cause for appellant (Caruso Smith Picini, PC, attorneys; Thomas M. Rogers, of counsel and on the brief).
>
> Nicole M. Grzeskowiak argued the cause for respondent (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Nicole M. Grzeskowiak, of counsel and on the brief).

PER CURIAM

Plaintiff Merri Matthews appeals from the trial court's order of summary judgment dismissing her claims against defendant Borough of Belmar. Plaintiff fell off the east side of the Belmar boardwalk sustaining serious injuries. She filed suit against defendant, alleging the absence of a handrail constituted a dangerous condition that was a proximate cause of her fall. The trial court found that defendant was immunized from plaintiff's claims pursuant to the Tort Claims Act and that plaintiff could not establish the elements of liability under the statute. We affirm.

In October 2012, a portion of defendant's boardwalk was destroyed by Hurricane Sandy. During the rebuilding process, defendant applied for federal funding assistance, in part for the reconstruction of the destroyed boardwalk. This funding would reimburse defendant for ninety percent of the costs incurred in rebuilding the boardwalk. Reimbursement was dependent upon the boardwalk being rebuilt "in kind" — as it was prior to Hurricane Sandy. Amenities that were not previously part of the boardwalk and were not required by code, such as railings, would not receive FEMA funding.

Paul Calabrese, the Borough Engineer, coordinated with the Borough Administration on the construction of the boardwalk and supervised its design and construction. In contemplating the reconstruction design, defendant

2

consulted engineers about a number of aspects of the boardwalk, including the placement of railings. Once it was confirmed that the absence of railings along the entire boardwalk did not violate any codes or raise any engineering concerns, defendant ultimately decided to forego the installation of railings other than those required by the American Disability Act, 42 U.S.C. §§ 12101 to 12213, along the nineteen access points. In December 2012, the Borough Council presented its plan for the reconstruction of the boardwalk to the public. Thereafter, Calabrese approved and signed off on the design plan. The approved plans did not include railings along the eastern edge of the boardwalk, including the eastern edge of the beach badge booth where plaintiff's accident occurred. Defendant thereafter invited the submission of bids, and subsequently awarded contracts for the reconstruction pursuant to the approved plans.

On May 26, 2014, plaintiff arrived at the boardwalk and proceeded to a booth to purchase a beach badge. The booth is located on a "bump out" connection to the boardwalk, which extends easterly towards the ocean and sits elevated above the sand. The "bump out" does not provide access to the beach; rather, the beach can only be accessed at select access points that have stairs and ramps for patrons to use to walk to the beach. After purchasing a beach badge, plaintiff turned and stepped away from the booth. As she did so, plaintiff

stepped off the east edge of the boardwalk and fell. Her face struck the edge of the boardwalk, and she sustained serious injuries to her face and jaw.

On August 9, 2018, the trial judge granted summary judgment in favor of defendant, finding that defendant was entitled to plan or design immunity pursuant to N.J.S.A. 59:4-6 and discretionary immunity pursuant to N.J.S.A. 59:2-3(a). In addition, the judge found that plaintiff failed to prove defendant's conduct was palpably unreasonable as required by N.J.S.A. 59:4-2. This appeal ensued.

On appeal, plaintiff argues that plan or design immunity does not apply because defendant's decisions regarding whether to install a handrail were made by the Borough's mayor, business administrator, and engineer, rather than the full Borough Council. We disagree and affirm.[1]

---

[1] Because we agree with the trial judge's conclusion that defendant established its entitlement to plan or design immunity, we find it unnecessary to address her alternate grounds for dismissal based on discretionary immunity pursuant to N.J.S.A. 59:2-3(a), or plaintiff's failure to prove defendant's conduct was palpably unreasonable as required by N.J.S.A. 59:4-2. Defendant's motion to bar plaintiff's liability expert was scheduled for the week after the summary judgment order under review, and was thus rendered moot.

A-0154-18T3

Standard of Review

We review a grant of summary judgment de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

> [W]hen deciding a motion for summary judgment under Rule 4:46–2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).]

"[S]ummary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley, 228 N.J. at 346 (citing Templo Fuente, 224 N.J. at 199). In reviewing a grant of summary judgment, appellate courts consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986)). If

A-0154-18T3

there is no issue of fact, appellate courts give no special deference to the trial court's rulings on matters of law. Templo Fuente, 224 N.J. at 199.

Plan or Design Immunity

Public entity liability in New Jersey is governed by the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 to 12-3 (the Act). The purpose of the Act is to "establish[] the parameters" for which recovery for tortious injury may be sought against public entities or public employees. Coyne v. State, 182 N.J. 481, 488 (2005).

Except as otherwise provided by the Act, "[t]he guiding principle . . . is that 'immunity from tort liability is the general rule and liability is the exception.'" Coyne, 182 N.J. at 488 (quoting Garrison v. Twp. of Middletown, 154 N.J. 282, 286 (1998)). The rationale behind granting immunity is to avoid judicial interference with authorized State decisions. See Thompson v. Newark Housing Auth., 108 N.J. 525, 534 (1987).

Plan or design immunity provided under N.J.S.A. 59:4-6 is an affirmative defense as to which the public entity has the burden of proof. See Birchwood Lakes Colony Club v. Borough of Medford Lakes, 90 N.J. 582, 599-600 (1982). The statute provides that

> Neither the public entity nor a public employee is liable
> under this chapter for an injury caused by the plan or

design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by the Legislature or the governing body of a public entity or some other body or a public employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously approved.

[N.J.S.A. 59:4-6(a).]

In order for plan or design immunity to attach, the public entity must establish that "the condition that allegedly caused the injury was 'an approved feature of the plan or design.'" Kain v. Gloucester City, 436 N.J. Super. 466, 474 (App. Div. 2014) (quoting Thompson, 108 N.J. at 536). The public entity must demonstrate that such plan or design has been approved in advance of construction or improvement by a body vested with the authority to give such approval. See Manna v. State, 129 N.J. 341, 353-54 (1992) (holding the State immune from liability after the State demonstrated that the bridge design was adequately approved in advance of its construction).

"A public entity . . . need not show that a feature of the plans (such as the installation of guardrails or paving an entire intersection) 'was specifically considered and rejected.'" Luczak v. Twp. of Evesham, 311 N.J. Super. 103, 109 (App. Div. 1998) (quoting Thompson, 108 N.J. at 537)). The public entity

must only provide "evidence that it had considered the general condition about which [the] plaintiff complains in formulating the original plan or design." Luczak, 311 N.J. Super. at 109 (quoting Manna, 129 N.J. at 358). Moreover, entitlement to the defense "does not depend upon any showing of the reasonableness of the design." Birchwood Lakes, 90 N.J. at 599. Once established, plan or design immunity is perpetual, and cannot be lost if later knowledge shows a design or plan to be dangerous, or later circumstances render it dangerous. See Birchwood, 90 N.J. at 598-99.

In this case, the condition complained of, the absence of handrails, was an approved feature of the plan or design. There is no question that defendant, in coordination with the Mayor and the Borough Engineer, actually considered whether and to what extent to include handrails in reconstructing the boardwalk. In formulating that decision, defendant considered the fact that FEMA would only provide ninety percent reimbursement for "in-kind" reconstruction. In that regard, prior to Hurricane Sandy, the boardwalk did not have railings except at designated access points. Moreover, the Borough Engineer researched whether the absence of railings along the entire boardwalk violated any codes or raised any engineering concerns. Finding no violation of any code or other engineering design principles, defendant made the conscious choice to forego the installation

of railings other than those required by the American Disability Act, 42 U.S.C. §§ 12101 to 12213.

In December 2012, the Borough Council presented its plan for the reconstruction of the boardwalk to the public, which included a discussion of the plans for only limited railings. Thereafter, the Borough Engineer approved and signed off on the overall design plan. These decisions were all approved and ratified by the Borough Council prior to the reconstruction of the boardwalk. Accordingly, the trial court was correct in its ruling that, under these facts, documented by the record, defendant established its entitlement to plan or design immunity, and therefore summary judgment was appropriately granted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9